ATWATER, Respondent, vs. MANVILLE, Appellant.

*February 6 — February 27, 1900.*

*Gambling contracts: Partnership: Contribution for losses.*

In an action by one partner against his copartner to recover one half of the losses of the business, the evidence — showing, among other things, that the firm started business with no capital stock and never kept any books, and that within a few months it had several hundred different transactions with commission firms doing business on the board of trade in Chicago, in which millions of bushels of grain, etc., were bought and sold, without delivery or any offer to deliver a single bushel thereof, the transaction in every case being settled by the payment of differences — is *held* to show, in spite of plaintiff's testimony that deliveries were contemplated, that the partnership was formed to conduct, and had conducted, a mere gambling business, for the losses in which no contribution could be enforced.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This is an action by one alleged partner against his copartner to recover one half of the net losses of the partnership business. The complaint, in effect, alleges that a partnership was formed between the plaintiff and the defendant on or about March 1, 1891, to engage in the purchase and sale of wheat in Milwaukee and Chicago, upon an equal division of profits and losses; that pursuant thereto large sums of money were paid out by the plaintiff in the partnership business, amounting to $29,466.87, from his own individual funds, and that he had only realized to apply upon such payments $2,157.16, including all sums advanced to him by the defendant; and that the balance, amounting to $27,309.71, was the total net loss, the whole of which had been paid by the plaintiff, and one half of which he claims to recover of the defendant in this action. The answer denied that there was any partnership, and further alleged that there were

several distinct and separate deals on the board of trade at Chicago, conducted by the plaintiff on behalf of himself and the defendant, each of which was, however, fully settled between them. The answer, in effect, further alleged that all the dealings in which the plaintiff and the defendant were engaged were gambling transactions, and that all the transactions set forth in the complaint were gambling transactions carried on upon the board of trade in the city of Chicago, Illinois. The answer also pleads the statutes of Illinois in regard to gambling contracts, and alleges an accord and satisfaction.

The case was tried by the court, and the evidence showed that all the alleged partnership transactions consisted of transactions upon the board of trade, and that they were all conducted by the plaintiff, *Atwater*. The firms through which the alleged business was done were several board-of-trade firms in the city of Chicago; and the alleged business, consisted of the purchase of wheat, oats, corn, lard, and other produce during the months of May, June, and July, 1891, to the amount of several million dollars, none of which produce was, however, delivered, but settlements were made by the payment of differences. The court found that a partnership existed, and that the business in which it was engaged was legitimate commercial transactions, and not gambling transactions, and rendered judgment for the plaintiff against the defendant for one half of the advances made by the plaintiff with interest, from which judgment the defendant appeals.

*Nathaniel S. Robinson*, for the appellant.

For the respondent there was a brief by *N. S. Murphey*, attorney, and *Herbert Kinne*, of counsel, and oral argument by *Mr. Kinne*.

WINSLOW, J. There is sufficient evidence to support the finding of the trial court to the effect that a partnership was

formed between the parties on or about March 1, 1891; therefore we shall not spend any time upon that question, but proceed at once to the question whether the evidence supports the conclusion that such partnership was formed for the purpose of transacting a legitimate business.

The legal principles applicable to board-of-trade transactions are well settled. Contracts in form for the sale and purchase of commodities, where neither party intends to deliver or accept the property nominally sold, but where it is intended by both parties that the transaction shall be settled by the payment of differences in price according to the rise and fall of the market, are gambling contracts, and void. *Lowry v. Dillman,* 59 Wis. 197; *Wall v. Schneider,* 59 Wis. 352; Laws of 1883, ch. 81; Stats. 1898, sec. 2319*a;* *Jamieson v. Wallace,* 167 Ill. 388.

The doctrine is elementary that an action will not lie for the purpose of obtaining a division of the profits, or enforcing contribution for the losses, of a partnership formed to conduct, and which has actually conducted, an illegal business. Bates, Partnership, § 119. If, therefore, this partnership was formed for the purpose on the part of both parties of carrying on a gambling business on the board of trade, and the losses shown resulted from the transaction of such gambling business, there can be no recovery. It is true that the plaintiff testified that delivery was contemplated in all of the transactions. We are satisfied, however, that the evidence shows beyond a peradventure that nothing was contemplated, either in the partnership agreement or in the trades themselves, save settlements of differences. All the circumstances point that way. The plaintiff had some means,— perhaps $100,000,— and the defendant had nothing save a salary of $100 a month. The firm started with no capital stock, and no books were ever kept. Between March and July it had more than 300 different transactions with commission firms, in which in the neighborhood of 8,000,000

bushels of wheat, 80,000 bushels of corn, 355,000 bushels of oats, 1,000,000 pounds of ribs, and $19,500 worth of lard were either bought or sold, involving millions of dollars; but there was never delivered, or offered to be delivered, a bushel of grain, or a pound of lard, or a solitary rib, but in every case the transactions were settled by the payment of differences. Such facts have been uniformly held by the courts as stamping upon the transactions the character of gambling contracts. *Jamieson v. Wallace, supra; Beveridge v. Hewitt*, 8 Ill. App. 467; *Wheeler v. McDermid*, 36 Ill. App. 179; *Flagg v. Baldwin*, 38 N. J. Eq. 219. That the parties contemplated just such transactions as these when their partnership was formed, we entertain no doubt, from the evidence. It would not be useful to rehearse the facts at any greater length. They all point one way. The parties contemplated gambling in prices, and nothing else. They did just what they contemplated. The law will help neither party, but leave them where it finds them.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment dismissing the complaint.